FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 AUG -7 PM 2: 45

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| STANDY BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 106-86 |
| | ) |
| JEFFERSON COUNTY JAIL et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On July 5, 2006, the Court ordered plaintiff in this Title 42, United States Code, Section 1983 action to complete a Consent to Collection of Fees form and a Trust Fund Account Statement. Plaintiff submitted the forms on July 27, 2006. Based on information contained in plaintiff's Trust Fund Account Statement, the Court has determined in a separate Order that he is financially unable to pay an initial filing fee. The Court will now evaluate plaintiff's claims in accordance with Title 28, United States Code, Section 1915A.

The Prison Litigation Reform Act requires the Court to screen plaintiff's complaint for the purpose of identifying claims subject to immediate dismissal. 42 U.S.C. § 1997e(c)(1). While pleadings drafted by pro se litigants are construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

In his complaint, plaintiff raises two grounds for relief. He first claims that the confession leading to his arrest and conviction was obtained illegally and that he actually is innocent of the crimes for which he was convicted. He then claims that, since being imprisoned, prison administrators have administered mental health medication to him, and that the medication has caused him to contract diabetes. The Court will address plaintiff's two claims in turn.

Plaintiff's first claim for relief challenges the legitimacy of the evidence leading to his conviction. A Section 1983 damages claim that calls into question the lawfulness of a conviction or sentence "does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in her favor as an element of her claim. Id. at 484-86. Thus, the Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87.

According to the Heck Court, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." Id. at 487. A judgment in favor of

2

plaintiff here would imply such invalidity of the state court's sentence. Until plaintiff demonstrates that his prior sentence has been invalidated, he may not bring a Section 1983 claim challenging the confession leading to his conviction.[1]

Plaintiff's second claim alleges that the mental health medication administered to him by prison officials has caused him to contract diabetes. Under Title 42, United States Code, Section 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, irrespective of the forms of relief sought and offered through administrative avenues." Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)), cert. denied, 126 S.Ct. 2978 (2006); see also Moore v. Smith, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (finding that prisoner lawsuit in which denial of grievance was not appealed must be dismissed under Section 1997e). In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

---

[1] Plaintiff has attached a standard habeas corpus petition to his complaint. If plaintiff desires to pursue relief in habeas under Title 28, United States Code, Section 2254, he should file his federal habeas petition separately.

Under the Georgia Department of Corrections Standard Operating Procedure ("SOP") IIB05-0001 § VI(B), once an inmate has unsuccessfully attempted to resolve a complaint through discussion with prison staff, the administrative remedies procedure commences with the filing of an informal grievance. The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. SOP IIB05-0001 § VI(B)(12)-(13). If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2),(5).

Plaintiff submitted an informal grievance form with his complaint, but the form is not signed by a prison administrator and does not appear to have been submitted to a prison administrator.[2] The form also does not comply with prison regulations, which require an inmate's complaint to be written only on the lines provided in the form. Id. § VI(B)(2),(3).

---

[2] In his complaint, plaintiff states that he "made a copy" of the informal grievance form. He does not allege that the form had been submitted to prison officials, as is required under SOP IIB05-0001.

4

Thus, the form likely would not have been accepted by prison administrators, even if plaintiff had attempted to submit it. The Court accordingly finds that plaintiff's claims regarding his mental health medication have not been exhausted.[3]

For the foregoing reasons, the Court finds that plaintiff has failed to state a claim on which relief may be granted. Accordingly, the Court recommends that plaintiff's complaint be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 7th day of August, 2006, in Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] The exhaustion requirement is not an affirmative defense; it must be pleaded by a Section 1983 plaintiff and verified through written documentation. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1209-10 (10th Cir. 2003); Howard v. Henderson, 2006 WL 20511 (M.D. Fla. Jan. 4, 2006). Failure to do so is tantamount to failing to state a claim on which relief may be granted. Steele, 355 F.3d at 1209-10; accord Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).